IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00323-MR-WCM

| | |
|---|---|
| 5-STAR ATHLETE DEVELOPMENT, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )  **O R D E R**<br>) |
| CITY OF SHELBY, NORTH CAROLINA, | )<br>)<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss [Doc. 3]; the Magistrate Judge's Memorandum and Recommendation regarding the disposition of that motion [Doc. 10]; and the Plaintiff's Motion for Voluntary Dismissal Without Prejudice [Doc. 11].

**I.  BACKGROUND**

    **A.  5-Star Athlete's History of Litigation**

On December 4, 2018, Willie A. Green, Sr. ("Green") filed an action in this Court against the City of Shelby, North Carolina ("the City"), and its City Manager, Rick Howell. [Civil Case No. 1:18-cv-00349-MR-WCM, Doc. 1] ("First Case"). Green is the Chief Executive Officer of the Plaintiff in the current action, 5-Star Athlete Development, LLC. Also named as a plaintiff

in the First Case was an entity called "5-Star Athlete, Inc." [Id.]. In that case, Green and 5-Star Athlete, Inc. alleged acts of racial discrimination and defamation against the City and the City Manager in connection with the City's alleged failure to approve a proposed development partnership between the parties. [Doc. 20].

The City and the City Manager removed the First Case to this Court and immediately filed a motion to dismiss based on insufficient service of process and lack of personal jurisdiction. [Docs. 1, 4]. The Court ordered Green and 5-Star Athlete, Inc. to file proof of service upon the defendants. [Doc. 11]. After proof of service was filed, the Court denied the defendants' motion to dismiss as moot. [Doc. 15]. Thereafter, the defendants moved to dismiss the First Case for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 18]. In response, Green and 5-Star Athlete, Inc. filed an Amended Complaint [Doc. 20], thereby rendering the defendants' motion moot. The defendants then moved to dismiss the Amended Complaint, which the Green and 5-Star Athlete, Inc. opposed. [Docs. 29, 31]. Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the defendants' motion and to submit a recommendation for its disposition. Judge Metcalf issued a

2

Case 1:21-cv-00323-MR-WCM   Document 14   Filed 08/05/22   Page 2 of 10

Memorandum and Recommendation recommending that the Court dismiss Green and 5-Star Athlete, Inc.'s federal law claims for failing to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure and decline to exercise supplemental jurisdiction over their state law claims. [Doc 32]. Objections to the Memorandum Recommendation were due on October 30, 2019. No objections were filed. Instead of filing objections, Green and 5-Star Athlete, Inc. dismissed their action without prejudice on October 30, 2019. [Doc 33].

After voluntarily dismissing the First Case, Green filed suit against the City Manager in state court ("Second Case"), asserting a claim of libel per se and seeking compensatory and punitive damages. The trial court denied the City Manager's motion to dismiss. On appeal, the North Carolina Court of Appeals reversed, finding that the motion to dismiss was warranted, and the case was dismissed. Green v. Howell, 274 N.C. App. 158, 851 S.E.2d 673 (2020).

On August 16, 2021, Green, now proceeding *pro se* but purporting to act on behalf of 5 Star Athlete Development, LLC, filed another action in this Court against the City. [Civil Case No. 1:21-cv-00225-MR-WCM, Doc. 1] ("Third Case"). In this Third Case, the LLC asserted claims under the Fair Housing Act, 42 U.S.C. § 3601, *et seq.* (FHA), and the North Carolina Fair

3

Housing Act of 1983, and for violation of various state statutes and state common law. [Id.]. The City moved to dismiss the action. [Doc. 5]. On September 30, 2021, this Court *sua sponte* dismissed the action without prejudice for 5-Star Athlete Development, LLC's failure to abide by the Court's order to obtain counsel. [Doc 9]. This Court therefore did not address the merits of the City's Motion to Dismiss.

## B. The Present Action

One month following this dismissal, the Plaintiff 5-Star Athlete Development, LLC—now represented by counsel—filed the instant action, reasserting the claims it had asserted in Case No. 1:21-cv-00225. [Doc 1] ("Fourth Case"). The City again moved to dismiss, which the Plaintiff opposed. [Docs. 3, 5].

Judge Metcalf was again designated to consider the City's motion and to submit a recommendation for its disposition. On May 26, 2022, Judge Metcalf issued a Memorandum and Recommendation recommending that the Plaintiff's federal claims be dismissed pursuant to Rule 12(b)(6) and that the Court decline to exercise supplemental jurisdiction over the Plaintiff's state law claims. The parties were advised that objections were to be filed within fourteen (14) days of the entry of the Memorandum and Recommendation. No objections, however, were filed. In lieu of filing

4

Case 1:21-cv-00323-MR-WCM   Document 14   Filed 08/05/22   Page 4 of 10

objections, on June 9, 2022, the Plaintiff filed a Motion for Voluntary Dismissal Without Prejudice.[1] [Doc. 11]. On June 16, 2022, the City filed a Response in opposition to the Plaintiff's Motion. [Doc. 12]. The Plaintiff filed a Reply on June 23, 2022. [Doc. 13]. Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual findings or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party

---

[1] In its Motion for Voluntary Dismissal, the Plaintiff states that "[i]t is not prudent for Plaintiff to incur legal fees, or to cause Defendant to incur legal fees, by filing objections to the Recommendation." [Doc. 11-1 at 3].

makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## III. DISCUSSION

The Plaintiff did not file any Objections to the Magistrate Judge's Memorandum and Recommendation. Instead, the Plaintiff moves to voluntarily dismiss the case without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.[2] [Doc. 11].

Rule 41(a)(2) allows for an action to be "dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The purpose of Rule 41(a)(2) is "to allow voluntary dismissals unless the parties will be unfairly prejudiced." Howard v. Inova Health Care Servs., 302 F. App'x 166, 178 (4th Cir. 2008) (citation omitted). In determining whether to allow a motion to dismiss without prejudice, the Court should consider such factors as "[1] the opposing party's effort and expense in preparing for trial, [2] excessive delay and lack of diligence on the part of the movant, and [3] insufficient explanation of the need for a voluntary dismissal, as well as [4] the present stage of litigation." Id. at 179

---

[2] The Plaintiff's Motion is expressly pursuant to Rule 41(a)(2), and not pursuant to Rule 41(a)(1)(A)(i).

6

(citing Miller v. Terramite Corp., 114 F. App'x 536, 540 (4th Cir. 2004) (internal quotation marks omitted)).

The first factor for the Court to consider is the defendant's effort and expense in preparing for trial. Id. Here, the parties have not even reached the discovery stage, and therefore, the City's efforts and expense in preparing this case have been relatively minimal. Nevertheless, the Court notes that the City has expended substantial time, money, and effort in the previous three proceedings between these parties. In the First Case, an action brought by Green, the Plaintiff's chief executive officer, the City prepared and filed three separate motions to dismiss before Green voluntarily dismissed without prejudice ten months after the removal to federal court. [Civil Case No. 1:18-cv-00349, Docs. 2, 18, 29]. Thereafter, Green unsuccessfully brought the Second Case against the City Manager in state court. Green v. Howell, 274 N.C. App. 158, 851 S.E.2d 673 (2020). After that state action was dismissed, Green returned to federal court and again sued the City (Third Case), this time on behalf of the Plaintiff LLC. [Civil Case No. 1:21-cv-00225-MR-WCM, Doc. 1]. The City moved to dismiss, but the Court dismissed the action without prejudice *sua sponte* without reaching the City's motion. [Id., Doc. 9]. Thereafter, the Plaintiff LLC filed the present action, and the City renewed its motion to dismiss. [Doc. 3].

While the City may not have expended substantial litigation costs in the present proceeding, it has spent considerable time, money, and effort in preparing multiple motions to dismiss in cases filed by Green and his related business entities.

The second factor considers whether there has been excessive delay and lack of diligence on the part of the Plaintiff. Howard, 302 F. App'x at 179. Here, the Plaintiff waited to file its motion for voluntary dismissal until after Judge Metcalf had already issued his Memorandum and Recommendation recommending the dismissal of the action with prejudice. To allow the Plaintiff to voluntarily dismiss this action now would render the Magistrate Judge's recommendation a nullity. See Miller, 114 F. App'x at 541 (affirming denial of motion for voluntary dismissal when a dispositive motion was imminent because the motion was "untimely and would waste judicial resources"); see also Davis v. USX Corp., 819 F.2d 1270, 1274 (4th Cir. 1987) (noting that denial of voluntary dismissal is appropriate where summary judgment is imminent).

The third factor requires the Plaintiff to provide an explanation as to why a voluntary dismissal is needed. As grounds for its motion, the Plaintiff simply notes that a voluntary dismissal without prejudice is allowed under Rule 41 because the City has not yet filed an answer or summary judgment

8

motion.  The Plaintiff, however, never explains *why* a voluntary dismissal without prejudice is necessary, and it fails to address any potential prejudice to the City if the voluntary dismissal were allowed.[3] [Doc. 11 at 2-3].

Finally, the Court must consider the present stage of litigation.  While this proceeding is still in its early stages, the Plaintiff's principal, Green, and his related business entities have brought three prior lawsuits against the City of Shelby and/or its City Manager for the past four years, all of which have been dismissed (two of which were dismissed voluntarily by the Plaintiffs therein).  Due to the lengthy litigation history between these parties, and because Green has a history of moving for voluntary dismissals after receiving an unfavorable recommendation from the Magistrate Judge, the Court concludes that the City would likely face substantial prejudice if the Plaintiff were allowed to dismiss its action without prejudice at this stage in the proceedings.  The Court notes that the Plaintiff herein, for the second time at the behest of Green, has waited until receiving the analysis of the Magistrate Judge before moving to dismiss without prejudice in order to

---

[3] In its Reply brief, the Plaintiff states that a dismissal without prejudice is warranted because it has retained new lead counsel, who has developed "a new strategy" for proceeding with the case, but that counsel was prevented from implementing this new strategy when she fell ill with COVID-19 in May 2022.  [Doc. 13 at 3-4].  The record reflects that the Plaintiff's new counsel was admitted *pro hac vice* in March 2022.  The Plaintiff offers no explanation why counsel's "new strategy" could not have been implemented earlier in the case.

avoid the result recommended by the Magistrate Judge.  This sort of game-playing wastes valuable judicial resources and abuses proper procedure. For all these reasons, the Plaintiff's motion for voluntary dismissal is denied.

After a careful review of the Memorandum and Recommendation, the Court concludes that the Magistrate Judge's proposed conclusions of law are correct and are consistent with current case law.  Accordingly, the Court accepts the Magistrate Judge's recommendation that the Defendant's Motion to Dismiss be granted and this action be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Voluntary Dismissal Without Prejudice [Doc. 11] is **DENIED.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's Memorandum and Recommendation [Doc. 10] is **ACCEPTED**; the Defendant's Motion to Dismiss [Doc. 3] is **GRANTED**; and this action is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed: August 5, 2022

Martin Reidinger
Chief United States District Judge